UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Buon Rattanavong,

    Petitioner,

v.

Warden FCI Sandstone,

    Respondent.

File No. 25-CV-01003 (JMB/LIB)

**ORDER**

Buon Rattanavong, Sandstone, MN, self-represented.

Ana H. Voss and Trevor Brown, United States Attorney's Office, Minneapolis, MN, for Respondent Warden FCI Sandstone.

This matter is before the Court on the Report and Recommendation (R&R) of United States Magistrate Leo I. Brisbois dated April 3, 2025 on Petitioner Buon Rattanavong's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. No. 5.) Rattanavong objected to the R&R (Doc. Nos. 6, 10) and Respondent Warden FCI Sandstone responded. (Doc. No. 7, 14.) For the reasons explained below, the Court will overrule Rattanavong's objections, adopt the R&R, and dismiss the Petition.

## BACKGROUND

The factual background for this matter is set forth in the R&R and is incorporated here by reference. Because the R&R provides a detailed history, the Court only briefly summarizes it here.

1

Rattanavong is currently serving a 240-month sentence at FCI Sandstone after being convicted in the Western District of Missouri of conspiracy to distribute methamphetamine. *See United States v. Vong*, No. 06-CR-0408 (GAF). His projected release date is in May 2026.

In his Petition, Rattanavong asserts that Respondent has failed to apply First Step Act time credits (FTCs) to his sentence and that, if the FTCs were properly applied, he would be released from custody. (Doc. No. 1.) Rattanavong submitted BOP documents that show BOP that has declined to apply FTCs is because Rattanavong is subject to a final order of removal from the United States. (Doc. No. 1-1.) However, according to Rattanavong, because his county of origin, Laos, does not have a deportation treaty with the United States, the order of removal cannot impact the application of his FTCs because he cannot be removed to Laos. (Doc. No. 1 ¶ 13.)

In the R&R, the Magistrate Judge recommends denying the Petition because, according to BOP documents submitted in support of the Petition, Rattanavong is subject to a removal order. (Doc. No. 5 at 2.) The Magistrate Judge explained that, according to 18 U.S.C. § 3632(d)(4)(E)(i), which provides that "[a] prisoner is ineligible to apply time credits . . . if the prisoner is the subject of a final order of removal under any provision of the immigration laws of the Immigration and Nationality Act," Rattanavong is completely ineligible for FTCs. (*Id.*) The Magistrate Judge further concluded that section 3632(d)(4)(E)(i) does not make exceptions for individuals subject to removal to countries with which the United States does not have a removal treaty. (*Id.* at 2–3.)

## DISCUSSION

Rattanavong now objects to the R&R. First, Rattanavong asserts that the Magistrate Judge erred because the record contained insufficient evidence that Rattanavong is subject to a removal order.[1] Second, Rattanavong raises a factual objection, arguing that any prior orders of removal have subsequently been vacated.

The Court conducts a de novo review of any portion of an R&R to which a petitioner makes specific objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). The Court gives the filings and objections of self-represented litigants liberal construction. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). Applying these standards, and for the reasons discussed below, the Court overrules Rattanavong's objections.

Rattanavong first objects on grounds that the record contains insufficient evidence to support the Magistrate Judge's determination that Rattanavong is subject to a removal order. (Doc. No. 6.) Rattanavong also argues that the Magistrate Judge erred as a matter of procedure because the Magistrate Judge should have ordered Respondent to produce proof of such documentation before recommending denial. (*Id.*) In response to Rattanavong's objection, Respondents submitted a declaration from a BOP case manager,

---

[1] Rattanavong makes no objection concerning his legal theory that an order of removal only precludes application of FTCs if the United States has a deportation treaty with the petitioner's country of origin. Nor does Rattanavong make any legal argument or direct this Court to any legal authority to support this theory. The Court further notes that Rattanavong does not object to the portion of the R&R in which the Magistrate Judge concluded that 18 U.S.C. § 3632(d)(4)(E)(i) renders individuals subject to removal orders ineligible for FTCs. (*See* Doc. Nos. 6, 14.)

who appended a document signed by an Immigration Judge in December 1998 that orders Rattanavong's removal from the United States.[2] (Doc. No. 8-2.)

Upon review of Respondents' evidence, including an affidavit from United States Immigration and Customs Enforcement Supervisory Detention and Deportation Officer Peter Fellenz, who avers that the December 1998 order is a true and correct copy of an order for Rattanavong's removal from the United States (Doc. No. 15 ¶¶ 2–3), the Court concludes that the December 1998 immigration court order is an order for Rattanavong's removal from the United States.

Rattanavong raises a second objection, arguing that the December 1998 order has been vacated. (Doc. No. 10 (citing Doc. No. 10-1 at 2).) The Court cannot agree. Fellenz avers that, though Rattanavong filed a notice of vacatur in his immigration proceedings in 2001, that notice did not vacate the December 1998 final order of removal,[3] which was

---

[2] In his reply brief, Rattanavong argues that the Court should disregard this document because it was not presented to the Magistrate Judge before the R&R issued. (*See* Doc. No. 8-2.) Rattanavong does not argue that this document is insufficient to support denial of the petition. Moreover, Rattanavong, cites to no legal authority, and this Court is aware of none, preventing the Court from considering such supplemental record evidence when conducting de novo review of the Magistrate Judge's recommendation. To the contrary, courts may receive further evidence when resolving a party's objections to an R&R. *See* D. Minn. L.R. 72.2(b)(3). In addition, while the Magistrate Judge could have ordered Respondent to provide documentation prior to issuing the R&R as Rattanavong argues, Rattanavong cites to no legal authority requiring the Magistrate Judge to do so. Therefore, the Court overrules the portion of the objection that challenges the R&R on procedural grounds, and given the supplementation made to the record, the Court need not determine whether the record that was presented to the Magistrate Judge was sufficient to justify denial of the petition.

[3] Fellenz elaborated that the notice of vacatur "vacated any 274C Orders in Rattanavong's immigration proceedings," and that "a 274C Order relates to a penalties [sic] imposed after

issued at the conclusion of removal proceedings and directs the removal of an individual under 8 U.S.C. § 1229a. (Doc. No. 15 ¶ 4.) Further, on its face, the notice of vacatur does not purport to vacate removal orders; instead, it vacates only orders that arose from "the Service's implementation of the civil document fraud provisions of section 374C of the Immigration and Nationality Act." (*See* Doc. No. 10-1 at 2.)  Therefore, the evidence before the Court compels only one conclusion: that Rattanavong remains subject to a final order of removal.

Having concluded that Rattanavong is subject to a final order of removal, the Court agrees with the Magistrate Judge's conclusion that, by application of 18 U.S.C. § 3632(d)(4)(E)(i), Rattanavong is not eligible for FTCs.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Court OVERRULES Petitioner's Objections (Doc. No. 6, 10) to the R&R.

2. The Court ADOPTS the R&R. (Doc. No. 5.)

3. The Court will DISMISS the Petition WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  July 23, 2025                                    /s/ *Jeffrey M. Bryan*
                                                         Judge Jeffrey M. Bryan
                                                         United States District Court

---

an immigration judge finds that a person or entity engaged in document fraud." (Doc. No. 15 ¶¶ 4–5; *see also* Doc. No. 10-1 at 2.)